W. P. Fogle *v.* J. M. Fogle's Ex'r.

**Wills—Legacies to Be Paid on Certain Conditions.**

> When the testator provides for a distribution of his estate among his children, when each arrives at the age of thirty years, such children cannot receive the principal of such legacies until they are thirty years old, but the executors may advance to each their portion of the income of the estate for their maintenance.

APPEAL FROM MARION CIRCUIT COURT.

March 2, 1875.

Opinion by Judge Peters:

The better to secure his estate to his children, and to protect them from the arts of designing and experienced speculators, with whom the testator knew they must, in their intercourse with the world, come in contact, he doubtless added the eighth clause of his will, in which he says: "All the bequests, devises, and legacies that are made in this will are not to be paid or delivered to my four children, Willie P., Mattie B., Bettie P., and James L. Fogle (should the contingency happen by which he should get anything), before they each arrive at the respective ages of thirty years."

When this will was before this court on a former occasion for construction, in the opinion then delivered, it is said that they (the executors) are not, by the strict language of the will, prohibited from paying "a part of the legacies" to the devisees before they respectively arrived at the ages of thirty years. The most, if not all, of the testator's children, except his son, John D. Fogle, were under 21 years of age. Two of them are daughters, and, considering his large estate, and the ages and situation of his children, it would have been unreasonable to suppose that he intended to leave his infant children without the means of maintenance and education, and withhold from his daughters the annual profits, as well as the principal, of what he intended for them, till they reached thirty years of age.

Such a construction should not be given to the will as would withhold even the income or annual profits of the devises and legacies from the devisees, unless the language of the will imperatively required it. But while we do not think the executors can withhold the whole of the estate devised to the testator's children till they respectively arrive at thirty years of age, still there is a large discretion left to them.

In this case there is no complaint that they are not willing to pay

over to the appellant the annual profits of his part of the estate, or that they refuse to make reasonable advancements to him to engage in some proper pursuit or business, which is likely to prove profitable, and for which he is qualified. But he seeks to enforce the payment of the whole devise to him because he had arrived at the age of twenty-one years, and complains that the time fixed in the will for payment is unreasonable and unlawful.

His father was under no legal obligation to give him any part of his estate, and if he could, by his will, have permitted him, he certainly had the right to postpone the time of the enjoyment of a part of his bounty nine years. He doubtless believed that he was serving the best interest of his son so to provide; and we have no inclination, if we had the power, to change in any particular the disposition the testator has made of his estate.

Wherefore the judgment is *affirmed.*

*Russell & Averitt, for appellant.*
*W. B. Harrison, for appellee.*